*101 OPINION OF THE COURT
Jones, J.
Use of the terms “scheme or business of making or collecting usurious loans” in section 190.42 of the Penal Law does not render the statute unconstitutional under the principle of void-for-vagueness, and the evidence in this record was sufficient to sustain defendant’s conviction under the statute. Receipt of a note from one juror that she could not “render a fair and just verdict in accordance with the Court’s instruction”, without more, did not mandate declaration of a mistrial. Finally, although it was error for the trial court not to have satisfied itself by inquiry of defendant that he understood the risks of a potential conflict of interest on the part of his counsel which the prosecution called to the attention of the court before trial, defendant is not entitled to a reversal of his conviction in view of his failure to demonstrate that there existed a conflict of interest or at least the significant possibility thereof in the circumstances of the attorney’s conduct of his defense.
Defendant was indicted for the crimes of criminal usury in the first degree (Penal Law, § 190.42 — one count) and criminal usury in the second degree (Penal Law, § 190.40 — four counts) arising out of a series of alleged usurious loans to one George Morgan in connection with his operation of the Italian-American Club of Franklin Square, County of Nassau.
At trial evidence was introduced to establish defendant’s participation in four lending transactions: (1) on or about March 1, 1979 Morgan assumed a loan from defendant for some $4,000 for approximately 52 weeks with interest at 104% per annum; (2) at or about the same time Morgan assumed another loan from defendant for approximately $2,000 for about 52 weeks with interest at 182% per annum; (3) on or about August 1, 1979 Morgan obtained another loan from defendant for approximately $1,500 for approximately 32 weeks with interest at 156% per annum; and (4) on or about November 1, 1979 Morgan obtained a fourth loan from defendant for approximately $5,000 for about 19 weeks with interest at 104% per annum. The jury found defendant guilty on all five counts charged. On *102 appeal from the ensuing judgment of conviction the Appellate Division unanimously affirmed, without opinion. Defendant’s appeal is now before us by permission of a Judge of our court.
Defendant urges four grounds for reversal; two relate to his conviction on all five counts and two relate only to his conviction of criminal usury in the first degree.
Prior to trial the prosecution moved to disqualify defendant’s trial counsel on the ground that his prior representation of George Morgan, who would be the People’s chief witness, created an impermissible conflict of interest. The attorney had represented Morgan in the period between September, 1979 and early 1980 on various criminal charges. In January, 1980, without the knowledge of the attorney, Morgan agreed to co-operate with the law enforcement authorities in their investigation of defendant and thereafter became an undisclosed informer against him. Defendant’s attorney opposed the motion for disqualification, urging that there existed no disqualifying conflict of interest. He agreed, however, that a hearing should be held pursuant to our decision in People v Gomberg (38 NY2d 307) “to determine whether the defendant will consent to any alleged conflict of interest, whether he insists upon my representation of him, and whether he will waive any Sixth Amendment claims he might have.” Without hearing or explanation the trial court denied the prosecution’s motion, and the attorney continued as defendant’s trial counsel. We agree with defendant’s appellate counsel that it was error on the part of the trial court not to have inquired of defendant to ascertain, on the record, whether he had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation. Although not presenting the circumstance of a joint trial of codefendants represented by the same counsel, this was an instance in which the principles of People v Gomberg (38 NY2d 307, supra) and People v Macerola (47 NY2d 257) are applicable. There was a potential conflict of interest and that fact was brought to the attention of the trial court at the outset of the trial (contrast People v Alicea, 61 NY2d 23).
A more troublesome question might be whether defendant has established his right to a reversal of his *103 conviction in consequence of the error of the trial court. We conclude, however, that defendant has not demonstrated “that a conflict of interest, or at least the significant possibility thereof, did exist” in the circumstances disclosed in the record in this case, and in the absence of such demonstration defendant is not entitled to a reversal of his conviction (People v Macerola, 47 NY2d 257, 264, supra). Defendant’s attorney concluded, whether rightly or wrongly, that he was released from any continuing obligation of confidentiality to Morgan in consequence of Morgan’s waiver of the attorney-client privilege by his unrestricted co-operation with the prosecution. This conclusion eliminated any significant possibility that the conduct of the defense would be affected by the attorney’s prior representation of Morgan, and scrutiny of the attorney’s searching cross-examination of Morgan on defendant’s trial confirms that the attorney conducted the defense on the operational premise that he no longer owed any professional obligation to Morgan. Accordingly, although there was error on the part of the trial court, defendant is not entitled to a reversal of his convictions in consequence thereof.
Defendant’s second contention with respect to all counts of his conviction arises out of a note sent by juror number 11 to the Trial Judge during the course of the jury deliberations. The note read “Your Honor, at this point of deliberation, I find that I cannot render a fair and a just verdict in accordance with the Court’s instruction”. After the court informed the prosecution and the defense of the fact and content of the note, counsel for the People suggested that the entire jury be recalled and recharged, or in the alternative that the court explore the problem further with juror number 11. Defense counsel did not join in either suggestion, but instead pressed a motion for a mistrial, stating that if the juror were discharged the defense would not consent to the substitution of an alternate juror (CPL 270.35). The trial court denied the motion for a mistrial and recalled and, after disclosing the content of the note, recharged the jury. Following further deliberations the jury found defendant guilty on all five counts charged.[1]
*104 Defendant’s contention before us that the trial court should have questioned juror number 11 before proceeding was not preserved for our review in view of his counsel’s failure, at the time, to request such relief or to join in the prosecutor’s suggestion. Thus, the only asserted error preserved for appellate review was the denial of the motion for a mistrial. In the circumstances disclosed in this record, it was not error to have denied that motion. Inquiry of the juror might have elicited information warranting a mistrial in the absence of defendant’s consent to replacement of the juror (CPL 270.35). As it was, on being reinstructed juror number 11 continued to participate in the jury deliberations and joined in the unanimous verdict of guilty. The mere delivery of the note, without more, which was the predicate for defense counsel’s motion, did not mandate the declaration of a mistrial.
With respect to defendant’s conviction of criminal usury in the first degree under section 190.42 of the Penal Law,* [2] defendant advances two contentions before us, first, that the statute is unconstitutional, and, second, that in any event the evidence was insufficient to sustain his conviction. We reject both contentions.
Defendant’s contention as to unconstitutionality is based on his argument that use of the words “scheme or business of making or collecting usurious loans” renders the statute void for vagueness, thus denying defendant his constitutional right to due process. The terms “scheme or business” are not impermissibly vague. Substantive meaning can readily be imported from the dictionary meaning of the terms in common usage. “Scheme” may be defined to mean, “a design or plan formed to accomplish some purpose” and “business” may be defined to mean, “commercial activity *105 engaged in for gain” (Black’s Law Dictionary [5th ed], pp 1206, 179). (Cf. United States v Batson, 706 F2d 657, 680 [“scheme” not unconstitutionally vague as used in 7 CFR 722.817 (b) (1)]; United States v Kreimer, 609 F2d 126,128 [defining “scheme” under US Code, tit 18, § 1341]; United States v Van Buren, 593 F2d 125, 126 [“business” as used in US Code, tit 18, § 922, subd (a), par (1) not void for vagueness].) In the context of this statute it is clear that what is denoted is a series of transactions, multiple as to loans if not borrowers, which are usurious and are made by the same person under such circumstances that they can factually be found to be interrelated and to constitute parts of an integrated single operation. What evidence will suffice to meet this definition will necessarily depend on the circumstances of each case.
Defendant’s assertion that the evidence in the record in this case was insufficient to satisfy the statutory definition must be rejected.[3] Here, there was evidence that, in order to provide the financial resources to ensure the continued operation of the Italian-American Club (in which defendant had a substantial economic interest), he made two loans to one individual followed by two more loans to the same individual for his personal use over a period of some eight months, all at usurious rates of interest, and made collections of such interest on all four loans over a period of some 12 months. The jury was warranted under the instructions of the trial court, to which no exception was taken, to conclude that such conduct constituted a “scheme or business of making or collecting usurious loans.”
For the reasons stated, the order of the Appellate Division affirming defendant’s conviction on all five counts should be affirmed.
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed.

. When individually polled as to the verdict of guilty on the charge of criminal usury in the first degree, juror number 11 initially said, “No”, then immediately said, “Yes”, with no intervening inquiry. When the court instructed the clerk again to inquire *104 as to whether she had found defendant guilty on this count the juror again said, “Yes”. No protest or request for relief was made by defense counsel.

. CPL 190.42 provides:
“§190.42 Criminal usury in the first degree.
“A person is guilty of criminal usury in the first degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period and either the actor had previously been convicted of the crime of criminal usury or of the attempt to commit such crime, or the actor’s conduct was part of a scheme or business of making or collecting usurious loans.
“Criminal usury in the first degree is a class C felony.”

. Defendant does not challenge the sufficiency of the proof as to his convictions for criminal usury in the second degree.