OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant and his brother, Isidoro, were represented by the same attorney at their trial for the shooting of an off-duty correction officer. The defense presented by their counsel was that the complainant had been mistaken in his identification and that it was actually another brother, Arsemio, who fired the shots.
Where multiple defendants are represented by a common attorney, the trial court is obligated to ascertain on the record whether each defendant is aware of the potential risks involved in joint representation and has knowingly chosen such course (People v Gomberg, 38 NY2d 307, 313-314). Apparently, no such inquiry was made by the trial court here. To establish his right to a new trial, *850 however, defendant must additionally “demonstrate that a conflict of interest, or at least a significant possibility thereof,” existed (People v Macerola, 47 NY2d 257, 264). This may be shown, for example, through the existence of “pronounced variations in the type and quantum of evidence against each defendant [which suggests] different theories and tactics of defense for each” (People v Baffi, 49 NY2d 820, 822).
Defendant argues that counsel should have asserted a self-defense claim on his behalf and a passive bystander defense as to Isidoro. He claims that the attorney was deterred from doing so because a self-defense claim would have required a concession that defendant fired the shots and would have necessarily implicated Isidoro. These two possible defenses are not necessarily inconsistent, however. Defense counsel could have argued that defendant shot the complainant without also inculpating Isidoro. In fact, had the attorney relied on a theory that defendant fired the shots in self-defense, it might have strengthened an argument on behalf of Isidoro that he was a mere bystander by minimizing his involvement in the incident. We conclude that defendant has not met the burden imposed on him under Maceróla.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.