THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v SAMUEL EADDY and JOHN JOHNSON, Defendants.

County Court, Sullivan County, January 24, 1989

## APPEARANCES OF COUNSEL

*Greenwald, Graubard & Cohen (Gary Greenwald* of counsel), for Samuel Eaddy, defendant. *Stephen F. Lungen, District Attorney,* for plaintiff.

## OPINION OF THE COURT

EUGENE M. HANOFEE, J.

The defendant seeks the dismissal of the instant indictment in its entirety on the grounds that said indictment was found by the Grand Jury as a direct result of the prosecutor's improper presentation before that body. Specifically, the defendant moves for dismissal of the indictment based upon the allegation that the prosecutor improperly and impermissibly

introduced into evidence before the Grand Jury a statement of the codefendant, John Johnson, which tended to provide identification testimony which the defendant alleges was otherwise lacking in the Grand Jury presentation. In deciding this motion, the court has carefully reviewed the minutes of the instant Grand Jury presentation and notes that identification testimony was presented to the Grand Jury other than that of the codefendant, John Johnson.

In essence, this court notes that the defense is seeking extension of the rule presented in *Bruton v United States* (391 US 123), applicable to trials, to Grand Jury proceedings in the State of New York. However, it is this court's opinion that the expansion of the *Bruton* rule to application in Grand Jury proceedings is unwarranted.

In examining this *Bruton* rule, this court notes that its application at a criminal trial insulates a person from a violation of the Confrontation Clause of the US Constitution. Therefore, due to the inapplicability of the Confrontation Clause in a Grand Jury proceeding, an expansion of the *Bruton* rule into that realm is unjustified.

This court is constrained to comment further upon this expansion of the *Bruton* rule to a Grand Jury proceeding. In the Grand Jury, reasonable doubt is not the standard to be applied, only a prima facie case is required *(see, People v Steiner,* 77 AD2d 13 [1st Dept 1980]). As such, the exacting standards required for a criminal trial are not present in a Grand Jury presentation. Furthermore, the safeguards required at a trial of a criminal proceeding as regards the evidence presented are not as exacting in a Grand Jury proceeding. The Supreme Court of the United States has consistently upheld indictments where a Grand Jury has considered evidence which would be inadmissible at trial *(see, e.g., Costello v United States,* 350 US 359; *Lawn v United States,* 355 US 339; *United States v Blue,* 384 US 251). In New York State, if an indictment is based solely and entirely upon illegal evidence or upon evidence not admissible in the trial court, the indictment must be set aside (CPL 190.65 [1]). However, justification for dismissal on this ground must be that the indictment is based extensively on prejudicial testimony *(People v Nicosia,* 164 Misc 152 [Kings County Ct 1937]).

In the instant case, having reviewed the Grand Jury testimony, the allegations of prejudicial effect are not cogent. Firstly, it was the codefendant, John Johnson, himself, who

testified and as such the testimony is nonhearsay. Secondly, and more importantly to this court, if the testimony of the codefendant, John Johnson, is removed and not considered, there is a legal residuum of evidence presented that justifies this indictment.

Accordingly, for the reasons set forth above, the defendant's application for dismissal of this indictment in its entirety is, in all respects, denied.

[Portions of opinion omitted for purposes of publication.]