■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD EUGENE PRICE, Appellant.—On reconsideration, memorandum decision entered July 12, 1989 [152 AD2d 968] amended to read as follows: Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21) and conspiracy in the second degree (Penal Law § 105.15) based upon his constructive possession of 15 ounces of heroin found in a locker at a bus station in downtown Buffalo. The principal prosecution witness at defendant's trial was John Glenn, the courier who transported the heroin from Los Angeles to Buffalo. At trial, the court was informed that defendant's trial attorney had previously represented Glenn on criminal charges arising out of possession of this same contraband. Despite being made aware of this fact, from which an apparent conflict of interest could be inferred, the court failed to conduct an inquiry to ascertain whether defendant was aware of the potential risks involved in the apparent conflict and whether he had knowingly chosen that course *(see, People v Macerola,* 47 NY2d 257, 263; *People v Gomberg,* 38 NY2d 307, 313-314). The court's failure to make inquiry and obtain the informed consent of defendant denied defendant his constitutional right to the effective assistance of counsel *(People v McDonald,* 68 NY2d 1, 8; *People v Mattison,* 67 NY2d 462, 468-469). Accordingly, defendant's conviction must be reversed and a new trial granted.

We find no merit to defendant's argument that the evidence was legally insufficient to support the conviction *(see,* CPL 60.22, 70.20; *People v Bleakley,* 69 NY2d 490, 495). (Appeal from judgment of Erie County Court, D'Amico, J.—criminal possession of controlled substance, first degree; conspiracy,

second degree.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.