■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BARBER, Appellant.—Judgment, Supreme Court, New York County (Brenda S. Soloff, J.), rendered November 19, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to 5 years probation, unanimously affirmed.

Defendant was not deprived of effective assistance of counsel because his attorney's law firm also represented the codefendant. Although the court should have conducted an inquiry on the record prior to accepting defendant's guilty plea to ascertain whether he was aware of the possibility that a conflict existed by virtue of the joint representation (*People v Recupero*, 73 NY2d 877, 878-879), defendant has failed to demonstrate that "a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" (*supra*, at 879), and nothing in the record suggests "that the potential for conflict actually operated", or "that the plea was induced by any consideration other than [defendant's] own best interests" (*supra*, at 879). Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.