■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE JORDAN, Appellant.—Judgment unanimously modified on the law and as modified affirmed and new trial granted on counts one and two of the indictment in accordance with the following Memorandum: Defendant was convicted of four counts of criminal possession of a weapon in the third degree. Counts one and two arose on May 28, 1989, when a vehicle

driven by Lorenzo Rhynes, in which defendant was a passenger, was stopped by police. The police had a report that the occupants of a vehicle fitting that description had been involved in a street altercation. Defendant was ordered from the vehicle, placed against a police car and pat-frisked. Officer Smith observed a loaded Ruger Blackhawk .44 caliber revolver under the seat where defendant had been sitting. Defendant was questioned by Officer Smith on the scene without the benefit of *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) and made incriminating statements. Defendant was transported to the police station, where, after being given *Miranda* warnings, he gave oral and written statements wherein he admitted that the gun was his. The suppression court suppressed defendant's on-the-scene statements as being the product of custodial interrogation without the benefit of *Miranda* warnings. The suppression court held defendant's later statements to be admissible.

Defendant's oral and written statements at the stationhouse should also have been suppressed, because there was not "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115; *see also, People v Bethea,* 67 NY2d 364, 367-368; *People v Graves,* 158 AD2d 916, *lv denied* 76 NY2d 735). Defendant made his unwarned admissions at about 1:00 A.M. He was transported by police vehicle at 1:05 A.M., arriving at the police station at 1:15 A.M. During the ride, Officer Smith told Officer Corbelli about defendant's on-the-scene admissions. Defendant was placed in an interview room at 1:15 A.M. At 1:42 A.M., Officer Corbelli entered and took pedigree information. At 1:55 A.M., Officer Corbelli gave defendant *Miranda* warnings and defendant's oral and written statements immediately followed. At most, 55 minutes separated the interrogations and there was an interval of only 27 minutes when defendant was not in the presence of a police officer. Defendant was in continuous police custody *(see, People v DeGelleke,* 144 AD2d 978, 979, *lv denied* 73 NY2d 920), and one of the arresting officers, who was aware of defendant's prior admissions, conducted the second interrogation *(see, People v Astor,* 116 AD2d 776, *affd* 68 NY2d 879). Because the admission of defendant's oral and written statements cannot be deemed harmless, the conviction on counts one and two of the indictment must be reversed, the sentences imposed thereon vacated and a new trial granted on those counts. The remainder of defendant's conviction, which relates to an en-

tirely separate incident, was not affected by the admission of the statements and is affirmed. We modify the judgment, however, by vacating the direction that the sentences on the conviction under counts three and four run consecutively to the sentences imposed on counts one and two.

The trial court should have conducted a *Gomberg* inquiry *(see, People v Gomberg,* 38 NY2d 307) when it became aware that defense counsel had represented codefendant Lorenzo Rhynes on the charges arising from the same incident until the Grand Jury issued a no-bill as to him. Defendant was not denied effective assistance of counsel by counsel's representation of Rhynes because defendant failed to show that the potential conflict " 'operated on' " or affected the conduct of his defense *(People v Ortiz,* 76 NY2d 652, 657; *see, People v Recupero,* 73 NY2d 877, 879; *People v McDonald,* 68 NY2d 1, 9, *rearg dismissed* 69 NY2d 724; *People v Alicea,* 61 NY2d 23; *People v Martinez* [appeal No. 2], 187 AD2d 992). Rhynes was called as a witness for the defense, not the prosecution, so defense counsel was not called upon to "attack" his former client *(cf., People v Liuzzo,* 167 AD2d 963, *appeal dismissed* 77 NY2d 866; *People v Price,* 163 AD2d 915). We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 3rd Degree.) Present—Callahan, J. P., Boomer, Balio, Fallon and Doerr, JJ.