Delores HORNICK, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 94–CV–1523.

United States District Court, N.D. New York.

June 23, 1995.

Thomas Maroney, U.S. Atty.'s Office, Binghamton, NY, for respondent; Gary L. Sharpe, Asst. U.S. Atty., of counsel.

Gerald Hecht, Danbury, CT, for petitioner.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Before the court is petitioner Delores Hornick's motion for a modification of her sentence made pursuant to 28 U.S.C. section 2255. The petitioner alleges ineffective assistance of counsel as the grounds for her motion.

## I. BACKGROUND

On October 13, 1989, the petitioner, Delores Hornick, appeared before this court and was convicted before a judge and jury for mail fraud, travel fraud, conspiracy to commit mail fraud and wire fraud, conspiracy to impede the Internal Revenue Service, Obstruction of Justice, and Aiding and Abetting the Obstruction of Justice. All of these charges related to the fraudulent sale of limited partnerships in oil well projects. On January 30, 1990, Delores Hornick was sentenced 60 months and 24 months to be served consecutively. Ms. Hornick then initiated a claim of ineffective assistance of counsel and presented it to the Second Circuit Court of Appeals on direct appeal from her underlying conviction. *United States v. Hornick,* 942 F.2d 105, 107 (2d.Cir.1991). After the Second Circuit affirmed the District Court's decision (see, *Id.*), Ms. Hornick sought permission to appeal the Second Circuit's denial of her ineffective assistance of counsel claim to the United States Supreme Court. The Supreme Court denied certiorari. *See, Hornick v. United States,* 502 U.S. 1061, 112 S.Ct. 942, 117 L.Ed.2d 112 (1992). Delores Hornick is currently incarcerated at F.C.I. Danbury, CT.

On November 25, 1994, Ms. Hornick filed this petition to vacate, set aside or correct her sentence under 28 U.S.C. section 2255. In support of this motion, Ms. Hornick alleges ineffective assistance of counsel. For the reasons stated below, this court dismisses her petition under 28 U.S.C. section 2255.

## II. DISCUSSION

### A. Attack on Ineffective Assistance of Counsel

■ In order to establish a claim for ineffective assistance of counsel in a section 2255 motion, the petitioner must show 1) that the attorney's representation was unreasonable under prevailing professional norms, and 2) that there was a reasonable probability that, but for the counsel's unprofessional errors, the result of the initial proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984).

In performing this analysis, the court has a strong interest in not second-guessing the tactical decisions made by defense counsel. In other words, as the government asserts, the court should not play "monday morning quarterback". Such scrutiny by the court, aided by hindsight, would undermine the finality of a judgment and could adversely affect "counsel's performance and even willingness to serve." *Id.* at 690, 104 S.Ct. at 2066. Rigid requirements for acceptable conduct "could dampen the ardor and impair the independence of defense, discourage the acceptance of assigned cases, and undermine the trust between attorney and client." *Id.* As a result of these interests, defense counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

It is in light of this presumption that the court turns to petitioner's claim of ineffective assistance, which is based on her assertions that: 1) her attorney, Jon Blechman, Esq., represented the government's "main witness" against her; 2) Mr. Blechman never called her as a witness to present a defense, 3) Mr. Blechman did not call his former client as a witness in Hornick's defense; and 4) the trial court never held an inquiry into Mr. Blechman's possible conflict of interest. The court finds each of these claims to be without merit.

### 1) Representation of the Government's Main Witness

Ms. Hornick claims that her counsel, Jon Blechman, Esq., was constitutionally ineffec-

tive because of his prior representation of an individual whom Ms. Hornick refers to as "the government's 'main witness' against her." Nowhere does this contention find support in the record before the court. On December 13, 1988, Jon S. Blechman, Esq., was assigned to represent the petitioner-Defendant, Delores Hornick. Subsequently, Blechman notified the court that four years earlier he had represented David Ballard in an unrelated perjury charge and understood that Mr. Ballard might have some involvement with the Hornick case. On March 9, 1990, Ms. Hornick filed a pro se affidavit seeking to discharge Blechman and seeking appointment of new counsel familiar with oil and gas laws. In her affidavit, Ms. Hornick raised possible conflicts of interests concerning her representation by Blechman.

After the Affidavit was filed, this court conducted an *ex parte* proceeding in order to resolve the conflict issue. The court then asked the government to indicate whether Ballard would be called as a witness and the government responded that Mr. Ballard would not be called. Since Blechman did not then represent Mr. Ballard, nor would Blechman be called upon to cross-examine his ex-client, this court ruled there was no existing conflict. The court maintains this position after completely reviewing the record.

■ In order for Ms. Hornick to establish ineffective assistance of counsel on the basis of a conflict of interest, Ms. Hornick must prove that "an actual conflict of interest adversely affected her lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Further, the defendant-petitioner must identify an actual conflict of interest. Allegations of wrongdoing alone will not rise to the level of an actual conflict unless the charges have some foundation. *United States v. Jones*, 900 F.2d 512, 519 (2d Cir. 1990). In her petition, however, Ms. Hornick has offered only general allegations that her attorney's previous relationship with a possible witness constituted ineffective assistance. Furthermore, petitioner's assertion that Mr. Ballard was the government's "main witness" is without merit. In fact, neither side called upon Mr. Ballard to testify in this case,

thereby vitiating any possible conflict of interest claim. The petitioner bears the burden of demonstrating that a conflict *in fact* exists. Simply because an attorney previously represented a possible co-conspirator or a potential witness creates no conflict in and of itself. Since petitioner has failed to demonstrate that either an actual conflict existed or that a conflict of interest adversely affected her lawyers performance, this claim must also fail. *See, Cuyler,* 446 U.S. at 350, 100 S.Ct. at 1719.

*2) Failure of Counsel to Call Witnesses*

Ms. Hornick's second claim of ineffective assistance of counsel, flows from Counsel Blechman's alleged failure to call Ms. Hornick and Mr. Ballard as witnesses to present a defense for Ms. Hornick. This contention is likewise without support in the record. After the government and co-defendant Thomas Hornick rested their case, Mr. Blechman went on the record to verify his discussions with Delores Hornick regarding her right to testify, and stated that Ms. Hornick had elected not to testify in spite of those conversations with counsel (Record at Page 3728).

■ A defendant claiming ineffective assistance of counsel based on counsel's alleged inadequate performance at trial bears a heavier burden than one who bases such a claim on his or her attorney's conflict of interest. *United States v. Iorizzo*, 786 F.2d 52, 58 (2d Cir.1986). A defendant claiming ineffective assistance of counsel based on his or her attorney's performance must establish both that the attorney's performance was objectively unreasonable and that but for the deficient performance the result of the trial would be different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. *See also, Strouse v. Leonardo,* 928 F.2d 548 (2d Cir.1991).

■ Ms. Hornick points to only a few alleged instances in her trial where she asserts her lawyer's performance was objectively unreasonable: nowhere in the record do Ms. Hornick's claims find support. In fact, Ms. Hornick specifically acknowledged her right to be called as a witness at trial and waived that right on the record (Page 3728). Fur-

ther, Ms. Hornick offers only conclusory allegations as to her attorney's failure to call Mr. Ballard to the stand. Nowhere does she state what purpose Ballard's testimony would have served, especially since he was a "government" witness. In short petitioner nowhere establishes that counsel's decisions in this regard were unreasonable.

■ This claim also fails the second prong of the *Strickland* test, in that Ms. Hornick makes no showing of a reasonable possibility that this alleged evidence would have produced a different outcome. Rather, these instances of claimed ineffective assistance "fall within the ambit of trial strategy, and, if reasonably made," such decisions will not support an ineffective assistance of counsel claim. *See, United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir.1987). The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial. *Id.* In this case, counsel Blechman's tactical decision not to call Mr. Ballard to the stand is just such a decision that courts will not second-guess. *Nersesian*, 824 F.2d at 1321; *see also, United States v. Eisen*, 974 F.2d 246 (2d Cir.1992) (affirming the deference to counsel's strategic trial decisions). It follows then, that defense counsel's presumptively reasonable strategic decisions not to call Ms. Hornick or Mr. Ballard did not result in prejudice to the petitioner and therefore will not support a claim of ineffective assistance.

## III. CONCLUSION

Petitioner has failed to show that her lawyer's performance was objectively unreasonable. Further, the court finds that petitioner Hornick has failed to show that success on her claims would have changed the outcome of the trial. After a review of the record as a whole, the court does not find sufficient evidence to conclude that Ms. Hornick received ineffective assistance of counsel. For the foregoing reasons, this petition under 28 U.S.C. 2255 is DENIED.

**IT IS SO ORDERED.**