◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ROCCO, Appellant. [646 NYS2d 518] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 8, 1994, convicting him of robbery in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After indicating his intent to testify before the Grand Jury, on the day of the Grand Jury presentment the defendant's at-

torney submitted a letter to the People requesting that they present the defendant's case to a separate Grand Jury from that of one of his codefendants, and that the People not introduce the statement of this codefendant who implicated the defendant in the crime during the Grand Jury proceedings.

The defendant did not testify before the Grand Jury and subsequently moved to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury on the grounds previously cited in his letter. In response, the People submitted uncontroverted evidence that when they informed defense counsel that they would not comply with the defendant's demands, the defendant expressly waived his right to testify before the Grand Jury. As a result, the Supreme Court properly denied the defendant's motion to dismiss the indictment and properly concluded that the defendant waived his right to testify before the Grand Jury (see, e.g., CPL 190.50; see also, People v Thomas, 213 AD2d 73; People v Devone, 163 Misc 2d 581).

Moreover, there is no merit to the defendant's contention that the People violated the rule set forth in Bruton v United States (391 US 123) and Cruz v New York (481 US 186) by introducing the statement of his codefendant during the Grand Jury proceedings (see, People v Scalise, 70 AD2d 346, 349-350; People v Eaddy, 142 Misc 2d 341; People v Abney, 135 Misc 2d 797). The integrity of the Grand Jury proceedings was not impaired (see, CPL 210.20 [1] [c]; 210.35; People v Diaz, 209 AD2d 1, 6-7; People v Steans, 187 AD2d 741).

The defendant received the effective assistance of counsel although he was briefly represented by his codefendant's counsel during jury deliberations. The defendant, on the record, consented to the absence of his counsel for a brief period of time during jury deliberations. Joint representation is not per se a conflict of interest or a denial of effective assistance of counsel. When defendants are jointly represented, a defendant needs to demonstrate that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense (People v Recupero, 73 NY2d 877, 879; People v McDonald, 68 NY2d 1, 9). Though not defined, "a significant possibility is more than a potential conflict of interest and * * * before relief will be accorded the conflict must do more than exist, it must have 'operated' " (People v Recupero, supra, at 879; see also, People v Lombardo, 61 NY2d 97, 103).

Here, although both the defendant and his codefendant presented alibi witnesses, the record reveals that the defendant's alibi witness did not incriminate the codefendant and the

codefendant's alibi did not incriminate the defendant. Further, the defendants relied on similar theories and tactics of defense *(see, People v Mattison,* 67 NY2d 462, 468, *cert denied* 479 US 984; *cf., People v Allah,* 80 NY2d 396, 400). As a result, there was no significant possibility of an actual conflict of interest which bore a substantial relationship to the conduct of the defense *(see, People v Allah, supra,* at 400-401; *People v Recupero, supra,* at 879; *People v Mattison, supra,* at 470, *cert denied* 479 US 984; *People v Macerola,* 47 NY2d 257, 264).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.