THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARVIN BUTTS, Appellant. [680 NYS2d 761] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in failing to inform him of the possibility of a conflict of interest because his trial counsel had previously represented a prosecution witness and in failing to conduct a *Gomberg* inquiry (*see, People v Gomberg*, 38 NY2d 307, 313-314). Here, defense counsel's prior representation of the prosecution witness involved an entirely different incident, which ended years before defendant was charged with the crimes at issue. "[A]lthough counsel's duty of confidentiality to his former client may have created a potential for conflict, the attorney's vigorous representation of defendant * * * demonstrates that his conduct was not adversely affected by any limitations stemming from his prior representation of [the prosecution witness]" (*People v Medina*, 208 AD2d 974, 975, *lv denied* 84 NY2d 1035). Defendant failed to preserve for our review his contentions that the court erred in admitting videotapes into evidence and providing transcripts to the jury and that he was deprived of notice of a pretrial voice identification procedure and his right to a hearing to determine whether such procedure was unduly suggestive (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The evidence is legally sufficient to support the conviction of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]; *see, People v Bleakley*, 69 NY2d 490, 495). Defendant was not deprived of effective assistance of counsel. The evidence, the law and the circumstances of this case, "viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Defendant contends that he was deprived of a fair trial because of several instances of prosecutorial misconduct. We conclude that the conduct of the prosecutor with respect to those instances was not so egregious or prejudicial that it deprived defendant of his right to a fair trial (*see generally, People v Galloway*, 54 NY2d 396). There is no merit to defendant's contention that reversal is required due to the cumulative effect of errors that occurred during trial. Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Elliott,

J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.