OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted after a jury trial of attempted murder in the second degree and other offenses for shooting his uncle. Defendant contends that the trial court failed to conduct a sufficient inquiry when it learned of prior contact between defendant’s attorney and the victim, the People’s primary witness. We conclude that no reversible error occurred.
 

 In his opening statement, defense counsel referred to the victim, defendant’s uncle, as a “bully” and a “terrorist.” In response, the prosecutor elicited the victim’s testimony that he had formerly been employed by defense counsel as a bodyguard. At a conference held outside the presence of the jury, the prosecutor asserted that the victim had informed her that he had been hired by a third party to perform security duties in connection with an unrelated trial involving defendant’s attorney. Defense counsel responded that he had never employed the victim but recalled the victim had been with a group of people who met at his office and accompanied him to the
 
 *795
 
 courthouse on one occasion. Further, the trial court ascertained that defendant knew of the victim’s prior relationship with defense counsel. After this colloquy, the court instructed the jury to disregard the victim’s testimony that he had worked for defense counsel, noting it was irrelevant to the issues presented at trial and may have been inaccurate.
 

 Relying on our decision in
 
 People v Gomberg
 
 (38 NY2d 307), defendant maintains that reversal of his conviction is warranted because the trial court failed to conduct a sufficient inquiry to determine whether he was aware of the potential conflict of interest arising from the contact between his attorney and his uncle (the victim) and had made a fully informed decision to proceed with his attorney. We disagree. Even assuming the prior acquaintance rose to a level implicating the conflict of interest concerns addressed in
 
 Gomberg
 
 and its progeny, defendant failed to meet his burden of establishing that “the conduct of his defense was in fact affected by the operation of the conflict of interest”
 
 (People v Alicea,
 
 61 NY2d 23, 31;
 
 see, People v Longtin,
 
 92 NY2d 640,
 
 cert denied
 
 526 US 1114;
 
 People v Recupero,
 
 73 NY2d 877;
 
 People v Perez,
 
 70 NY2d 773;
 
 People v Cruz,
 
 63 NY2d 848).
 

 Defendant has not demonstrated that his attorney’s representation was influenced or affected by any prior relationship with the victim. Indeed, review of the trial transcript reveals that defendant’s counsel mounted a vigorous defense, pursuing a theory of justification based on the victim’s conduct during the incident and his alleged history of terrorizing defendant and his family. To this end, defendant’s attorney forcefully challenged the victim’s veracity and character in the opening statement, during cross-examination of the victim, through the presentation of a defense witness and in the closing argument, delving into the victim’s criminal record, reputation for violence and prior bad acts. There is no indication that defense counsel’s prior contact with the victim deterred him from pursuing any trial strategy. And significantly, the trial court specifically instructed the jury to disregard any evidence of the prior relationship — an instruction they are presumed to have followed. Under these circumstances, we see no basis to conclude that any potential conflict of interest “operated on” the defense
 
 (see, People v Longtin, supra; People v Recupero, supra; People v Perez, supra; People v Cruz, supra; People v Alicea, supra).
 

 While reversal is not warranted in this case, we note that trial courts should take care to conduct a sufficient inquiry whenever there is evidence of a prior relationship between a
 
 *796
 
 defense attorney and one of the People’s witnesses. It is, moreover, incumbent on all parties to bring such a relationship to the court’s attention as soon as it is discovered.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.