**UNITED STATES of America, Appellee,**

v.

**Victor Eduardo BONILLA–MARQUEZ, Appellant.**

**No. 89–2893SI.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1991.

Decided Jan. 29, 1991.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ARNOLD, Circuit Judge.

Victor Eduardo Bonilla–Marquez appeals pro se the District Court's [1] denial of his 28 U.S.C. § 2255 motion to vacate his ten-year prison sentence following his jury conviction of conspiracy to distribute cocaine, conspiracy to import cocaine, and traveling in interstate commerce to facilitate a narcotics conspiracy. The convictions of Bonilla and three of his co-conspirators were upheld in *United States v. Krevsky*, 741 F.2d 1090 (8th Cir.1984).

In his section 2255 motion, Bonilla alleged that his retained trial counsel, Rex Ryland, was a co-conspirator. Bonilla alleged that his Sixth Amendment right to

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

effective assistance of counsel was abridged because Ryland refused to allow him to plea bargain for a lesser sentence out of fear that any agreement would have required Bonilla to tell the government about his drug contacts, including Ryland.

The District Court properly denied the motion after an evidentiary hearing. Bonilla knowingly and voluntarily waived his right to assistance of counsel unhindered by a conflict of interest. See *United States v. Agosto*, 675 F.2d 965, 969–70 (8th Cir.), *cert. denied*, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 74 (1982); *cf. United States v. Bernloehr*, 833 F.2d 749, 752 (8th Cir. 1987) (defendant waived right to testify by failing to object when counsel rested without calling him to stand). Bonilla had no right to conceal the conflict from the Court, later citing it as justification for a new trial. He knew exactly what he was doing and must abide by the consequences.

Affirmed.