Muhammed **DAWAN**, Appellant,

v.

A.L. **LOCKHART**, Appellee.

No. 93–3960.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1994.

Decided Aug. 9, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 19, 1994.

David C. Schoen, Fayetteville, AR, argued, for appellant.

Darnisa Evans Johnson, Little Rock, AR, argued (Winston Bryant and Darnisa Evans Johnson, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This is Muhammed Dawan's second appeal to this Court following denial of his petition for habeas corpus. In 1989, Dawan was convicted in an Arkansas state court and sentenced as a habitual offender to thirty-three years in prison. He brought this habeas corpus action, challenging the validity of his conviction and sentence, on the ground that his trial counsel had been ineffective because of a conflict of interest. The District Court denied his petition because Dawan had not raised ineffectiveness in the state courts, and, therefore, the claim was procedurally barred. We reversed, holding, first, that cause existed for Dawan's failure to raise ineffective assistance of counsel in the state-court direct appeal and, second, that Dawan's claim also was not procedurally barred by his failure to raise the claim during state postconviction proceedings. *Dawan v. Lockhart,* 980 F.2d 470 (8th Cir.1992). We remanded to the District Court for consideration of the merits of Dawan's ineffective-assistance-of-counsel claim. The District Court appointed new counsel for Dawan, conducted an evidentiary hearing, and held that Dawan had failed to establish the merits of his claim. Dawan appeals to this Court, and we reverse.

I.

The facts relevant to this appeal are as follows. Dawan and a co-defendant, Ron Stout, were jointly charged with burglary and theft of property. Both men were represented by the same public defender. Stout pleaded guilty to the crimes and, in a sworn statement in court, implicated Dawan in the burglary.[1] Dawan chose not to plead guilty and proceeded to trial. At the pre-trial om-

---

1. Stout stated that he had helped Dawan commit    the crime.

nibus hearing, Dawan moved for a change of counsel based on his lawyer's lack of time to prepare for the case. The lawyer told the trial court that he did have sufficient time to prepare, but mentioned that another possible basis for the motion was his prior representation of Stout. Dawan agreed with this assessment. However, counsel stated that he "saw no conflict due to the fact" that the prosecution did not intend to call Stout as a witness. Dawan disagreed, pointing out that Stout had "turned State evidence" against him. After confirming that neither side intended to call Stout, the trial court denied Dawan's motion.

At trial, however, Dawan's lawyer did call Ron Stout, who testified that Dawan was in no way involved in the perpetration of the crime. Dawan did not object. During direct examination, counsel chose not to ask Stout about his prior statements implicating Dawan. The prosecuting attorney, however, was not so reticent. On cross-examination, he did ask Stout about his prior sworn testimony and highlighted the fact that Dawan's counsel was the attorney who had represented Stout when the statement was made. Stout admitted that he had previously implicated Dawan, but, he said, he had lied under oath. On re-direct, with respect to the inconsistent statements, Dawan's lawyer asked Stout only one question: "But your testimony here today's true?" Stout answered in the affirmative.

Following remand of Dawan's first appeal to this Court, the District Court held an evidentiary hearing. There, Dawan testified that he had told his attorney that he was concerned about a conflict of interest and that he never intended to waive his objection to representation by the same lawyer who had represented Stout. He also testified that he was unaware that Stout would be called and stated that the trial court had told him new counsel would be appointed if Dawan believed his lawyer's representation to be inadequate.[2] Counsel testified that Dawan knew from the beginning that he had represented Stout and that Dawan was fully

aware of the ramifications of calling Stout to the stand in light of his prior implication of Dawan. Counsel also stated that Dawan had made the ultimate choice to call Stout and that his decision not to question Stout about his prior statements was a matter of trial strategy—the prosecution might miss the opportunity, and then the evidence would never come before the jury. Therefore, he decided not to "soften the blow," although he admitted that there was "not a very good" chance that the prosecutor would fail to seize the opening.

Counsel admitted during the hearing that he and his deputy had informed Stout that he might be committing perjury. Furthermore, he conceded that, had he questioned Stout about the prior inconsistent statement, his former client would have had to admit to perjury. Counsel testified, however, that this concern was not the reason for his failure to go into the prior statement on direct. He said he knew the jury would either believe Stout or it would not, and he stated that he did not feel in any way hampered by his prior representation of Stout. Finally, he said, because it was Dawan's decision to call Stout, he did not bring up the potential conflict of interest at trial. Counsel's deputy also testified that Stout had been warned that he could be charged with perjury and that Dawan had been aware, prior to trial, that Stout would be called as a witness.

The District Court found that the bases for Dawan's request for new counsel did not include conflict of interest; therefore, not only did Dawan not object properly to the representation, the court also was not put on notice of the conflict. It therefore required Dawan to demonstrate actual conflict and adverse effect under *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Finding that Dawan had failed to make this showing, the District Court denied his petition.

## II.

■ The Sixth Amendment right to counsel embraces the right to conflict-free

---

2. The trial court has no record of such a statement to Mr. Dawan but, in light of our holding, the answer to this question, as well as to whether

Mr. Dawan actually objected to Mr. Stout's testimony, is irrelevant.

counsel. If a court requires an attorney to represent two co-defendants whose interests are in conflict, the court has violated the defendants' right to the effective assistance of counsel. *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942). Moreover, if the trial court either fails to make an investigation into the source of the conflict in light of a timely objection, or fails to do so when the court knows or reasonably should know that a conflict exists, reversal is automatic. *Wood v. Georgia,* 450 U.S. 261, 272 n. 18, 101 S.Ct. 1097, 1104 n. 18, 67 L.Ed.2d 220 (1981), citing *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). If a defendant has not made a timely objection to his counsel on the grounds of conflict of interest, then he must demonstrate actual conflict and an adverse effect on the representation. *Cuyler, supra,* 446 U.S. at 350, 100 S.Ct. at 1719. Furthermore, "the mere possibility of conflict is insufficient to impugn a criminal conviction." *Ibid.*

■ Dawan argues that the District Court erred in requiring him to meet the *Cuyler* standard of actual conflict and adverse effect because the state trial court knew or should have known of the conflict. He claims that his objection at the omnibus hearing was sufficient to put the trial court on notice of the conflict of interest and to trigger that court's responsibility to conduct an investigation. Although Dawan did not renew his pre-trial objection at trial, he asserts that this fact is irrelevant, because the trial court should have known of the conflict when Stout took the stand, having been forewarned at the omnibus proceeding. Therefore, under the *Wood* standard, reversal is mandated and automatic. 450 U.S. at 272 n. 18, 101 S.Ct. at 1104 n. 18 (*Cuyler* mandates a reversal when the trial court has failed to make inquiry even though it knows or should have known of the particular conflict). Because we now hold that Dawan has demonstrated actual conflict and an adverse effect on his representation from that conflict, as required by *Cuyler,* we see no need to determine whether automatic reversal is necessary under a "knew or should have known" theory.

The threshold fact *Cuyler* requires a defendant to establish, in order to prevail on a claim of ineffective assistance of counsel due to conflict of interest, is an *actual* conflict of interest, not merely a potential one. Dawan has shown that this conflict of interest existed. Counsel was faced with a choice once Stout was called to the stand. He could aggressively pursue Stout's prior inconsistent statement, either by "softening the blow" on direct examination, or by engaging in a more probing re-direct; however, had counsel done so, he would have highlighted the exposure of his former client, Stout, to a perjury charge. Counsel was obviously aware of this danger since he warned Stout about it before Stout agreed to testify. Counsel's only way out of the conflict was to take the route he ultimately did—not ask about the statement at all. We agree with the Tenth Circuit that

> in the context of successive representations, we find it difficult to envision circumstances more fraught with inherent conflict than where an appointed attorney representing a reluctant defendant must present a defense theory inculpating the attorney's former client, particularly where the former representation was factually intertwined with the criminal defendant's case.

*Church v. Sullivan,* 942 F.2d 1501, 1511 (10th Cir.1991). Dawan has established an actual conflict of interest.

■ Counsel explained his failure to bring the conflict of interest to the court's attention at trial by asserting that it was Dawan's decision to call Stout to the stand. This assertion is irrelevant. A defendant should not have to choose between his right to effective assistance of trial counsel and his right to call a witness in his defense.

■ The second *Cuyler* requirement is that the defendant establish some adverse effect on the representation from the conflict of interest. A defendant does not have to establish prejudice sufficient to meet *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Cuyler, supra,* 446 U.S. at 349–50, 100 S.Ct. at 1718–19 (adverse effect is not the equivalent of a showing of prejudice). Dawan need only establish that the conflict of interest actually

affected the adequacy of the representation. *Ibid.*

Dawan makes this showing, even if counsel's decision not to question Stout about the prior statement was, in fact, purely a matter of trial strategy, and even if that decision had nothing to do with the conflict of interest. The prosecuting attorney cross-examined Stout and forced him to admit that the incriminating statement he had made at his guilty plea was false. Then, he asked Stout if he had been represented at that time and specifically pointed to Dawan's lawyer in the courtroom, in front of the jury, as the attorney who had represented him. In so doing, the prosecutor underscored that the same attorney currently representing Dawan had also represented the witness who changed his story. The prosecutor's comments made Dawan's attorney look less credible and, by extension, made Dawan look less credible as well. This is a sufficient adverse effect for purposes of *Cuyler.*

Since Dawan has met the *Cuyler* standard of actual conflict and adverse effect, we do not address the remainder of his arguments. The District Court's denial of Dawan's habeas corpus petition is reversed, and the cause is remanded to that Court with directions to grant the writ unless the state commences proceedings to re-try Dawan within such reasonable time as the District Court may fix.