# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Carlton Reed, a/k/a | * | |
| Dion Leatherwood, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 23, 1999
Filed: June 11, 1999

_____

Before McMILLIAN and MURPHY, Circuit Judges, and MONTGOMERY,[1] District
    Judge.

_____

MONTGOMERY, District Judge.

Dion Leatherwood ("Leatherwood"), the birthname of appellant who was
charged under the alias of Carlton Reed, appeals from the denial of his motion to
vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. Leatherwood
claims that he is entitled to a new sentencing hearing because he received ineffective

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the
District of Minnesota, sitting by designation.

assistance of counsel arising out of an attorney conflict of interest. Leatherwood argues that, by simultaneously representing the interests of an unindicted co-conspirator, his attorney prevented him from providing authorities with information implicating that co-conspirator in the drug operation -- conduct which might have reduced his sentence.

On April 13, 1988, Leatherwood was arrested in Waterloo, Iowa. Two months later he was indicted by a federal grand jury for the Northern District of Iowa and charged with one count of possession of crack cocaine, one count of conspiracy to possess with intent to distribute crack cocaine, and one count of possessing a firearm in connection with his drug offenses. Attorney Richard H. Morgan of Pontiac, Michigan, was hired to represent Leatherwood.

On October 11, 1988, Leatherwood pleaded guilty to the conspiracy count. On February 16, 1989, Leatherwood was sentenced to a term of 324 months.[2] He appealed the sentence in timely fashion, challenging the constitutionality of the Federal Sentencing Guidelines. This Court affirmed his sentence on February 28, 1990. See United States v. Reed, 897 F.2d 351 (8th Cir. 1990).

Three years after his direct appeal, Leatherwood raised for the first time the claim that his representation at the sentencing hearing in 1989 was clouded by a conflict of interest. The thrust of Leatherwood's argument is that both he and the Michigan-based "boss" of the drug operation, James LaMar, were represented by Morgan but had differing interests in the extent and scope of cooperation that Leatherwood might offer the Government. Thus, Leatherwood was left with allegedly ineffective representation at the sentencing hearing.

---

[2]The Honorable David R. Hansen, now Circuit Judge for the Eighth Circuit Court of Appeals.

After a full evidentiary hearing at which eight witnesses testified, the district court entered an order on January 26, 1998, denying Leatherwood's request for post-conviction relief.[3]

To review the district court's denial of Leatherwood's ineffective assistance claim, we must employ two separate standards of review. The validity of the ineffective assistance claim itself represents a mixed question of law and fact, warranting a de novo review. The district court's underlying factual findings are analyzed under a clear error standard of review. See Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).

The Sixth Amendment right to counsel has been interpreted to provide for representation that is "free from conflicts of interest or divided loyalties." United States v. Acty, 77 F.3d 1054, 1056 (8th Cir. 1996) (citing Dawn v. Lockhart, 31 F.3d 718, 720-21 (8th Cir. 1994)). Although conflicts may arise when an attorney simultaneously represents clients with different interests, joint representation of multiple interested parties by a single attorney is not a per se violation of a defendant's right to effective assistance of counsel. See Dokes v. Lockhart, 992 F.2d 833, 836 (8th Cir. 1993), cert. denied, 513 U.S. 968 (1994); Salam v. Lockhart, 874 F.2d 525, 527 (8th Cir. 1989). A defendant bears the burden of showing that the conflict "adversely affected the lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); see also Acty, 77 F.3d at 1056-57. He may prevail on an ineffective assistance claim resulting from either an actual or a potential conflict of interest. Short of demonstrating that his counsel "actively represented conflicting interests," a defendant has not met the constitutional threshold for a claim of ineffective assistance. Id. at 350.

---

[3]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

The record does not substantiate that Morgan provided Leatherwood with ineffective representation because of his representation of LaMar. Leatherwood claims that, had he identified LaMar as the key figure in the conspiracy, he would have received a substantially reduced sentence. There is no assurance that, even taking into account his cooperation, he would have qualified for a motion for substantial assistance, or that the court would have granted such a motion, if made.[4] Such an "abstract or hypothetical" set of "what ifs" does not satisfy a defendant's burden in proving an actual conflict of interest. See Simmons v. Lockhart, 915 F.2d 372, 378 (8th Cir. 1990).

If a defendant is unable to demonstrate an actual conflict of interest under Cuyler, he may alternatively establish that his attorney: (1) had a potential conflict of interest which (2) actually prejudiced the defense. See Acty, 77 F.3d a 1057, n.3 (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). In order to support the second prong of this test, the defendant must show that the errors committed by counsel were so serious that the defendant was deprived of a fair trial or a reliable result. Strickland, 466 U.S. at 687-89. He must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

After conducting the evidentiary hearing, the district court found that Morgan did, indeed, have a potential conflict of interest in Leatherwood's case. By paying for Leatherwood's legal fees out of the proceeds of the drug conspiracy, LaMar may have had incentive to urge Morgan to preclude Leatherwood from identifying him as a drug source. However, there is no evidence on the record to satisfy the second prong of the Strickland test -- that Leatherwood was actually prejudiced by Morgan's representation.

---

[4]As the Assistant United States Attorney noted at oral argument, even if Leatherwood had tendered his cooperation, his questionable credibility would have made the utility of his proffered testimony marginal at best.

—4—

Leatherwood's argument is belied by the fact that he did not respond to a letter from the government asking him to cooperate. In addition, Morgan testified at the evidentiary hearing that Leatherwood had disavowed any interest in cooperating with the government at the time. "In determining whether a conflict of interest exists, substantial weight is to be given to the defense counsel's representations." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996). As a factual matter, the district court credited Morgan's testimony over that of Leatherwood. Such a credibility determination by the trial court must be afforded substantial deference. Thus, Leatherwood is unable to prevail on a claim of potential conflict under Strickland.

Even if Leatherwood has arguably shown an actual conflict of interest, his claims are precluded by this Court's decision in United States v. Bonilla-Marquez, 924 F.2d 770 (8th Cir. 1991). In a similar case, a defendant argued that his Sixth Amendment right to effective counsel was curtailed because his attorney refused to allow him to cooperate with authorities in exchange for a reduced sentence. In light of the fact that the defendant raised this issue long after sentencing, the Bonilla-Marquez court held that the defendant "knowingly and voluntarily waived his right to assistance of counsel unhindered by a conflict of interest," and that the defendant "had no right to conceal the conflict from the Court, later citing it as justification for a new trial." Id. at 771; see also United States v. Agosto, 675 F.2d 965, 969-70 (8th Cir. 1982) (waiver knowing and effective when defendant aware of existence of real conflict); United States v. Blau, 961 F.Supp. 626, 633 (S.D.N.Y. 1997).

In this case, the district court found that Leatherwood personally requested Attorney Morgan's services, having received representation from him in the past. The court also found that, in spite of the fact that Leatherwood was likely a member of a drug conspiracy headed by LaMar, and while Morgan's fees were likely paid from proceeds of the criminal organization, Leatherwood "was well aware of this situation and knowingly concealed this information from the court." United States v. Leatherwood, Cr. No. 88-2008, Opinion and Order at 38 (Jan. 26, 1998). Leatherwood

also acknowledged at his entry of plea and again at the sentencing that he was satisfied with his counsel's representation. His claimed dissatisfaction did not arise until several years after sentencing. The district court did not commit clear error by finding that "Leatherwood's denial of these facts is wholly incredible, as well as the defendant's claim that he had no knowledge at the time of his plea that he was faced with a conflict of interest with his attorney." Id.

In light of the reasonable findings of fact by the district court, the substantive shortcomings of Leatherwood's ineffective assistance claims, and his knowing and voluntary waiver of the right to assistance of counsel unhindered by conflict of interest, the judgment of the district court is hereby affirmed.

A true copy.

Attest:

CLERK. U.S. COURT OF APPEALS, EIGHTH CIRCUIT.