# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-2630
No. 97-3977

_____

United States of America,          *
                                   *
                 Appellee,         *     Appeals from the United States
                                   *     District Court for the District of
        v.                         *     Nebraska.
                                   *
Frank Skorniak,                    *          [UNPUBLISHED]
                                   *
                 Appellant.        *

_____

Submitted: March 16, 2000

Filed: March 22, 2000

_____

Before HANSEN and FAGG, Circuit Judges, and NANGLE,[*] District Judge.

_____

PER CURIAM.

       After Frank Skorniak conditionally pleaded guilty to federal drug and money laundering charges, we affirmed his conviction and sentence. Skorniak then challenged the Government's forfeiture of his property and filed a 28 U.S.C. § 2255 motion raising ineffective assistance of counsel claims. The district court denied relief and denied a certificate of appealability. We also denied Skorniak a certificate of appealability, but

_____

[*]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

reinstated his appeals following our decision in United States v. Navin, 172 F.3d 537, 539 (8th Cir. 1999) (holding § 2255 motions filed before enactment of the Antiterrorism and Effective Death Penalty Act are not subject to the Act's certificate of appealability requirement). On appeal, Skorniak asserts ineffective assistance of counsel at trial and on appeal because trial counsel had a conflict of interest and appellate counsel did not raise the conflict issue. We agree with the district court that Skorniak failed to show his trial attorney had an actual conflict of interest. See United States v. Reed, 179 F.3d 622, 625 (8th Cir. 1999). Skorniak also failed to show a potential conflict actually prejudiced his defense. See id. Because there was no conflict of interest, the failure of Skorniak's appellate attorney to raise the issue on appeal was not constitutionally deficient. Likewise, appellate counsel did not perform deficiently by declining to raise a speedy trial issue and an invalid waiver of counsel issue. See Gee v. Groose, 110 F.3d 1346, 1352 (8th Cir. 1997) (reasonable appellate strategy requires attorney to limit appeal to issues most likely to succeed). Skorniak also contends the Government violated his Sixth Amendment right to counsel by inducing him to make incriminating statements outside the presence of his attorney to alleged government agents: Skorniak's brother, Robert, and Robert's attorney. Nothing in the record supports Skorniak's claim that Robert and Robert's attorney were government agents or that they intentionally elicited incriminating statements from Skorniak for the Government's use. See Moore v. United States, 178 F.3d 994, 999 (8th Cir.), cert. denied, 120 S. Ct. 356 (1999). Last, Skorniak contends the Government's forfeiture of his assets without a pretrial hearing denied his right to the counsel of his choice. See United States v. Register, 182 F.3d 820, 835 (11th Cir. 1999); United States v. Lewis, 759 F.2d 1316, 1324-25 (8th Cir. 1985). No pretrial hearing was required, however, because Skorniak consented to the forfeiture of his assets through plea negotiations. See United States v. Skorniak, 59 F.3d 750, 756 (8th Cir. 1995).

We thus affirm the district court's denial of relief to Skorniak.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.