# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3038

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Clarence Robinson, | * | |
| also known as Fuzzy, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 16, 2002

Filed:  August 23, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Clarence Robinson appeals from the District Court's[1] denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We affirm.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

In 1995, after a jury trial in federal district court, Robinson was convicted of conspiracy to distribute cocaine base and sentenced to life imprisonment.[2] Subsequently, Robinson brought his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, alleging ineffective assistance of trial counsel  Following a hearing, the District Court denied relief and this Court granted Robinson's application for a certificate of appealability.  Because Robinson's claim of ineffective assistance of counsel is a mixed question of law and fact, we review it de novo.  United States v. Reed, 179 F.3d 622, 624 (8th Cir. 1999).  The underlying facts as found by the district court are reviewed for clear error.  Id.

In order to prevail on a claim of ineffective assistance of counsel, Robinson must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  See Strickland v. Washington, 466 U.S. 668, 688, 691 (1984).  To show prejudice, Robinson must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty.  See Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996).  We may decide this appeal without reaching the question of deficiency if we find that the performance of Robinson's attorney did not prejudice Robinson.  See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Robinson asserts numerous instances of ineffective assistance of counsel by his attorney, William Eustice.[3]  We turn first to Robinson's argument that Eustice failed

---

[2]The facts underlying Robinson's convictions are discussed thoroughly by this Court in our opinion affirming Robinson's conviction on direct appeal. United States v. Robinson, 110 F.3d 1320 (8th Cir.), cert. denied, 522 U.S. 975 (1997).  We see no need to restate them here.

[3]We address the arguments that Robinson makes most forcefully in his briefs but note that he lists numerous deficiencies of counsel, inter alia: failure to file a motion in limine (or any pre-trial motions); failure to "have a theory of the case"; the decision to make no opening statement; failure to call Robinson as a witness; failure

to investigate prior to trial a minor witness, Brian Duke, who along with other witnesses testified to Robinson's involvement in the conspiracy. Robinson claims that Duke's testimony was untruthful and could have easily been impeached by Eustice if more pretrial investigation had been undertaken. We agree with the District Court that even if Duke's testimony had been impeached the remainder of the evidence clearly demonstrates Robinson's involvement in the conspiracy, and we conclude Robinson has not shown a reasonable probability that the outcome of the trial would have been different absent the alleged deficiency of counsel's performance.

Robinson also argues that Eustice did not reveal that he shared office space with a lawyer who represented Duke, which Robinson claims was a conflict in representation. Specifically, Robinson argues this conflict of interest compelled Eustice to fail to find and call Duke as a witness. This alleged conflict based on shared office space resembles the alleged conflict we addressed in Amrine v. Bowersox, 238 F.3d 1023 (8th Cir.) (§ 2254), cert. denied, 122 S. Ct. 372 (2001). In Amrine, we rejected the argument that the defendant's lawyer had a conflict of interest when a lawyer from his office represented a witness in the case, where there was no evidence that the alleged conflict affected counsel's performance. Id. at 1030 n.4. Robinson presented no evidence that the conflict of interest alleged here affected Eustice's performance, and both Eustice and Duke's lawyer testified that they did not discuss the case. Also, because the witness in question is Duke and we already have

_____

to object to the government's planned use of Federal Rule of Evidence 404(b) evidence; and a few others. Br. of Appellant at 27. We held that admission of the 404(b) evidence was proper in the previous direct appeal. Robinson, 110 F.3d at 1325. As the District Court accurately stated, the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief. See Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir.) (rejecting the argument that cumulative effect of errors alone demonstrated a deprivation of fair trial), cert. denied, 519 U.S. 968 (1996). We have reviewed all of the claimed deficiencies of counsel and find no merit in any of them.

held that the failure to locate him did not result in prejudice to Robinson, we agree with the District Court there was no prejudice to Robinson as a result of the purported conflict.

Robinson claims that Eustice was ineffective in failing to submit proposed jury instructions, especially a "theory of the case" instruction. Br. of Appellant at 16. We note, as the District Court did, that the instructions given to the jury were model Eighth Circuit instructions for conspiracy cases. These included instructions for evaluating the credibility and motivation of co-conspirator testimony and the law on aiding and abetting. Robinson fails to persuade us that the lack of a "theory of the case" instruction was prejudicial to his case.

Next, Robinson makes claims of ineffectiveness based on Eustice's closing statement. Eustice had called no witnesses and had chosen instead to rely on impeaching the prosecution witnesses and arguing that Robinson's "mere presence" with members of the conspiracy was insufficient to prove his guilt.[4] Consequently, during the closing statement, Eustice placed Robinson in the company of some of the co-conspirators on certain occasions, just as the evidence indicated and the prosecution asserted.[5] Eustice argued, however, that Robinson was not involved in the conspiracy despite his presence among the co-conspirators. Eustice's decision to argue that Robinson may have innocently been in the presence of the co-conspirators was made in the context of significant prosecution testimony of Robinson's presence and circumstances implying his involvement, including 404(b) evidence that

---

[4]Eustice's strategy included seeking and receiving a "mere presence" instruction for the jury.

[5]In Robinson's direct appeal, we addressed Eustice's failure to object to the prosecution's closing statements regarding the presence of Robinson with the co-conspirators. We determined that this failure to object did not prejudice Robinson. Robinson, 110 F.3d at 1327.

Robinson had been involved with crack-cocaine possession. Eustice made the judgment that as a matter of trial strategy it was better to maintain that Robinson was innocent of the conspiracy than to deny Robinson's association with the co-conspirators. We cannot say that Eustice's strategy as reflected in his closing argument resulted in prejudice to Robinson.

Robinson additionally argues that the District Court improperly denied his motion for the appointment of an expert to offer opinion evidence on Robinson's claim of ineffective assistance of counsel. We do not address this issue inasmuch as it is not included in the certificate of appealability. See Fields v. United States, 201 F.3d 1025, 1026 n.2 (8th Cir. 2000) (holding that issues beyond the scope of certificate of appealability are not properly before the court).

Having considered all of Robinson's claims of ineffective assistance of counsel, we affirm the District Court's denial of Robinson's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.