# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2667

_____

United States of America,          *
                                     *

        Appellee,           *

                                     *   Appeal from the United States

    v.                       *   District Court for the

                                     *   Eastern District of Arkansas.

Danny Lockett,              *

                                     *   [UNPUBLISHED]

        Appellant.         *

_____

Submitted: October 20, 2008
Filed: December 17, 2008

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Danny Lockett appeals the district court's order denying his 28 U.S.C. § 2255 motion. For the reasons discussed below we vacate the district court's order and remand the case with instructions.

At a June 2007 evidentiary hearing, the district court noted that the "dispositive issue" was whether or not Lockett's trial counsel had timely communicated the government's August 2005 plea offer to Lockett, and that Lockett and his trial counsel had each testified "with some conviction and credibility" in providing directly contradictory versions of the relevant events. The court did not make a factual determination as to whether counsel timely informed Lockett of the August 2005 plea

offer, but denied Lockett's section 2255 motion, reasoning that--because the evidence was "equally divided"--Lockett had failed to meet his burden of proof. In July 2007, the court granted Lockett a certificate of appealability on his ineffective-assistance-of-counsel claim.

Claims of ineffective assistance of counsel are mixed questions of law and fact, and we review the district court's legal determinations de novo and its underlying findings of fact for clear error. See United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002). Because Lockett's testimony and counsel's testimony were directly contradictory, and the district court merely ruled against the party with the burden of proof without making an essential factual determination, we conclude that the court committed a procedural error. See Collier v. Turpin, 177 F.3d 1184, 1193-94 & n.14 (11th Cir. 1999) (where district court was presented with direct, not circumstantial, evidence, and fact finding required choosing between two contradictory versions of events, court's conclusion that both versions were credible and evidence was in equipoise amounted to no factual determination at all and was entitled to no deference on appeal; noting that ordinarily appellate court would remand to district court to make credibility choice and resolve dispute, but foregoing remand because only one credibility choice was reasonable given record presented).

We further conclude that Lockett's remaining claims on appeal are without merit. Accordingly, we vacate the court's order and remand the case for further proceedings consistent with this opinion.

_____