ALD-119                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4491
_____

CLARENCE J. ROBINSON, Appellant

v.

WARDEN B. A. BLEDSOE
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-01203)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed:  March 13, 2012)
_____

OPINION
_____

PER CURIAM.

Clarence Robinson, proceeding pro se, appeals the District Court's dismissal of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that

follow, we will summarily affirm the judgment of the District Court.

In 1996, Robinson was convicted in the United States District Court for the

District of Nebraska for conspiracy to distribute cocaine base.  He appealed to the Court

of Appeals for the Eighth Circuit, and both his conviction and sentence were affirmed. United States v. Robinson, 110 F.3d 1320 (8th Cir. 1997). In 1998, Robinson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied his motion, and the Eighth Circuit affirmed once more. United States v. Robinson, 301 F.3d 923 (8th Cir. 2002). Since that time, Robinson has sought habeas relief via numerous § 2255 motions, petitions pursuant to 28 U.S.C. § 2241, and applications to the Eighth Circuit to file a second or successive § 2255 motion. Each was denied or dismissed.

In June 2011, Robinson filed the instant § 2241 petition in the United States District Court for the Middle District of Pennsylvania, arguing that his sentence was enhanced by a prior conviction that did not occur—a claim he concedes has been raised and rejected in his earlier habeas actions. The District Court construed his petition as a second or successive § 2255 motion, and dismissed his petition for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Robinson appealed.[1]

A motion pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A federal prisoner can seek relief from an unconstitutional sentence or conviction under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; Cradle v. United States ex rel. Miner,

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

2

290 F.3d 536, 538 (3d Cir. 2002). We have held that § 2255 is inadequate or ineffective where an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal. Dorsainvil, 119 F.3d at 248. Robinson makes no allegation that he is actually innocent of the crime for which he was convicted; rather he asserts only that his sentence was improperly calculated. The Dorsainvil exception is inapplicable to such a claim, and relief under § 2241 is therefore unavailable. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). His claims should therefore have been raised via a § 2255 motion in the District of Nebraska, his court of conviction, and not in the Middle District of Pennsylvania.[2] See Galante, 437 F.2d at 1165; 28 U.S.C. § 2255. Accordingly, the District Court correctly dismissed the petition for lack of jurisdiction.

Robinson's appeal presents no substantial question, and we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

[2] Robinson may not file a second or successive § 2255 motion without leave from the Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2255(h). His present arguments have already been raised in his various prior motions, and were rejected. Accordingly, construing Robinson's petition as one for leave to file a second or successive § 2255 motion and transferring it to that Court would not be in the interest of justice. 28 U.S.C. § 1631.