■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LIUZZO, JOSEPH LIUZZO, WALTER FLYNN and FREDERICK J. LANDY, Appellants.—Order unanimously affirmed with costs. Memorandum: The court did not err in disqualifying attorney Cambria and his law firm from representing defendants Liuzzo concerning Chautauqua County indictment No. 89-242. Before this criminal proceeding was commenced, Cambria's firm had represented a Department of Social Services auditor on allegations of misconduct against him. Those allegations arose from the audit that led to the instant indictment and were made by the Liuzzos or their agents.

The duty of loyalty to a former client is broader than the attorney-client privilege and an attorney is not free to attack a former client with respect to the subject matter of the earlier representation even if the information used in the attack comes from sources other than the former client (see, Code of Professional Responsibility EC 4-4; DR 5-105). Although the Liuzzos purported to waive any conflict of interest and agreed that Cambria would limit cross-examination of the auditor, who was expected to be a key prosecution witness at trial, the auditor did not waive the conflict. The auditor's right to Cambria's loyalty cannot be waived by the Liuzzos. The disqualification of Cambria was a reasonable exercise of the trial court's discretion, because an individual's right to counsel of his own choice must yield to an overriding competing public interest. The overriding public interest here is "the courts' duty to protect the integrity of the judicial system and preserve the ethical standards of the legal profession" (Matter of Abrams, 62 NY2d 183, 197). (Appeal from order of Chautauqua County Court, Adams, J.—disqualify attorney.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.