921 So.2d 810 (2006)
Theresa A. ESTRIGHT and Margaret S. Ingold, Petitioners,
v.
BAY POINT IMPROVEMENT ASSOCIATION, INC. d/b/a Bay Point Community Association, Respondent.
No. 1D05-3971.
District Court of Appeal of Florida, First District.
February 27, 2006.
*811 Jerry W. Gerde, Esquire, of Johnston, Harris, & Gerde, P.A., Panama City, for Appellant.
Robert E. O'Quinn, Jr., Esquire, of Cole, Scott, & Kissane, P.A., Jacksonville, for Appellee.
HAWKES, J.
Petitioners seek a writ of certiorari to quash an order of the circuit court granting Bay Point's motion to disqualify Petitioners' attorney. We deny the petition.
Bay Point filed a Claim of Lien on Petitioners' property as a result of Petitioners' refusal to pay the homeowner's association for various speeding tickets incurred by their guests and contractors. In response to the Claim of Lien, Petitioners filed a counterclaim alleging: (1) deceptive and unfair trade practices, (2) slander of title, and (3) breach of contract and fiduciary duties. Bay Point then moved to disqualify Petitioners' attorney pursuant to Florida Rule of Professional Conduct 4-1.9, based on his former drafting of the documents that enabled Bay Point to place the lien on Petitioners' property.
After hearing argument from both parties, the trial court granted the motion. Petitioners did not file a response or an affidavit contesting Bay Point's motion below, nor did they provide this court with a transcript of the hearing.
"An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct." Morse v. Clark, 890 So.2d 496, 497 (Fla. 5th DCA 2004). Rule 4-1.9 is designed to protect client confidentiality and is "aimed at the problem of attorneys `switching sides.'" Kenn Air Corp. v. Gainesville-Alachua County Reg. Airport Auth., 593 So.2d 1219, 1222 (Fla. 1st DCA 1992). Subsection (a) prohibits a lawyer who has formerly represented a client from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . ." (emphasis added). Id. Subsection (b) prohibits the lawyer from using information related to that representation to the former client's disadvantage, unless the information is "generally known." See id.
In its motion to disqualify, Bay Point alleged the requisite elements to disqualify Petitioners' attorney under subsection (a). Specifically, it alleged (1) Petitioners' attorney was Bay Point's former attorney, and (2) he was involved in matters substantially related to the current litigation  i.e., the drafting the homeowner's association's governing documents which serve as an underlying basis of the present suit.[1] Petitioners did not dispute either allegation, thus an evidentiary hearing was not necessary. See Allstate Ins. Co. v. Bowne, 817 So.2d 994, 998 (Fla. 4th DCA 2002) (holding an evidentiary hearing is not necessary for a motion to disqualify counsel where there are no disputed issues of material fact).
In light of Bay Point's prima facie allegations, which Petitioners did not contest, and Petitioners' failure to provide this court with a hearing transcript, we presume the correctness of the trial court's order and conclude it was not a departure from the essential requirements of law.
PETITION DENIED.
BARFIELD and WOLF, JJ., concur.
NOTES
[1] Petitioners' contention that this was not "inside information" is irrelevant, because it was not necessary under subsection (a), or the case law applying it, for Bay Point to show that Petitioners' attorney obtained or used "inside information."