**In re SKYWAY COMMUNICATIONS HOLDING CORP., Debtor.**

**World Capita Communications, Inc., f/k/a Skyway Communications Holding Corp., Plaintiff,**

**v.**

**Island Capital Management, LLC, a Florida limited liability company, d/b/a Island Stock Transfer, Defendant.**

**Bankruptcy No. 8:05–bk–11953–PMG.**
**Adversary No. 8:07–ap–240–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 18, 2009.

World Capita Communications, Inc., Kuwait, pro se.

Murray B. Silverstein, Murray B. Silverstein PA, Saint Petersburg, FL, for Defendant.

## ORDER ON MOTION TO DISQUALIFY DEFENDANT'S COUNSEL

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Disqualify Defendant's Counsel filed by the Plaintiff, World Capita Communications, Inc.

In the Motion, the Plaintiff asserts that the law firm of Johnson Pope Bokor Ruppel & Burns LLP (the Firm), including attorneys Murray B. Silverstein (Silverstein) and Brian R. Cummings (Cummings), should be disqualified from representing the Defendant, Island Capital Management, LLC, because the Firm formerly represented Skyway Communications Holding Corporation (Skyway). According to the Plaintiff, the interests of the Defendant are materially adverse to the interests of the Firm's former client, in violation of Rule 4–1.9 of the Florida Rules of Professional Conduct.

After the Motion was filed, Silverstein withdrew from the Firm and formed a new professional association known as Murray B. Silverstein, P.A. Upon the commencement of his new practice, Silverstein filed a Stipulation for Substitution of Counsel in this proceeding, wherein he seeks to replace the Firm as counsel of record for the Defendant. (Doc. 48).

The Plaintiff contends that Silverstein's separation from the Firm does not cure the disqualifying conflict that is the basis of the Motion. The Plaintiff asserts that an irrefutable presumption exists that the Firm received client confidences from Skyway during their attorney-client relationship, and that Silverstein continues to be tainted by the presumption of disclosed confidences.

Silverstein denies that the Firm and the Plaintiff were ever engaged in an attorney-client relationship involving substantially related proceedings, and that the Firm was therefore not precluded from representing the Defendant in this case. If the Court determines that such an attorney-client relationship occurred, however, Silverstein does not oppose his disqualification from representing the Defendant, on the theory that the disqualifying conflict continues to affect him after his departure from the Firm.

Consequently, the primary issue before the Court is whether the Firm was disqualified from representing the Defendant because of its former representation of Skyway. If the Firm was disqualified because of the prior representation, Silverstein is also disqualified from representing the Defendant in this case, in accordance with his position that such disqualification was not cured by his withdrawal from the Firm.

## Background

The Plaintiff filed the Complaint that commenced this adversary proceeding on June 14, 2007. On July 16, 2007, the Defendant, Island Capital Management, LLC, filed a Motion to Dismiss the Complaint for Failure to State a Claim for Relief, or in the Alternative, for a More Definite Statement. (Doc. 6). The Motion to Dismiss the Complaint was filed on behalf of the Defendant by Silverstein and Cummings, of the Law Offices of Murray B. Silverstein, P.A. Silverstein and Cummings have continuously represented the Defendant in this adversary proceeding since the Motion to Dismiss was filed.

On July 15, 2008, the Law Office of Murray B. Silverstein, P.A. "was merged into" the law firm of Johnson Pope Bokor Ruppel & Burns LLP (the Firm). (Doc. 42, p. 2). As a result of the merger,

Silverstein and Cummings became shareholders in the Firm.

In the Motion that is presently under consideration, the Plaintiff seeks to disqualify the Firm, including Silverstein and Cummings, from representing the Defendant in the proceeding.

In support of the Motion, the Plaintiff asserts that the Firm previously represented Skyway Communications Holding Corporation (Skyway) in a securities action that had been filed in the United States District Court. The Plaintiff also asserts that Skyway is the same entity as World Capita Communications, Inc. (Transcript, pp. 9–10). According to the Plaintiff, therefore, the Firm previously represented the same corporate entity that is the Plaintiff in this proceeding. Since the Firm is now representing the Defendant in this action, the Plaintiff contends that the interests of the Firm's present client are materially adverse to the interests of its former client, and that the Firm should be disqualified pursuant to Rule 4–1.9 of the Florida Rules of Professional Conduct.

In response, the Defendant asserts (1) that the Plaintiff and Skyway are separate entities, with the result that no prior attorney-client relationship existed between the Firm and the Plaintiff; (2) that the prior securities action and the pending adversary proceeding are not "substantially related" within the meaning of Rule 4–1.9 of the Florida Rules of Professional Conduct, and (3) that the Plaintiff is not suffering from any informational disadvantage caused by the Firm's prior relationship with Skyway. (Doc. 42).

The Court has evaluated the issues presented by the parties, and determines that the Motion to Disqualify Defendant's Counsel should be granted. For the reasons discussed below, it appears from the record that the Firm previously represented the Plaintiff corporation in an action that involved the same underlying transactions that are involved in the current proceeding. Based on that representation, an "irrefutable presumption" arose that confidential information was disclosed to the Firm by its former client. The Court concludes, therefore, that the Firm should be disqualified from representing the Defendant in this case pursuant to Rule 4–1.9 of the Florida Rules of Professional Conduct.

## A. The entities

### 1. Skyway Communications Holding Corp.

Skyway Communications Holding Corp. (Skyway) was originally incorporated in Florida on December 17, 1998, as Master-Tel Communications Corp. After an intermediate name change, the name of the corporation was changed to Skyway Communications Holding Corp. on April 14, 2003. (Main Case Doc. 422, Committee's Second Amended Disclosure Statement, pp. 28–29).

Skyway filed a petition under Chapter 11 of the Bankruptcy Code on June 14, 2005. The Employer's Tax Identification Number listed for Skyway on its bankruptcy petition is 65–0881662. (Main Case Doc 1). The same number is also listed as Skyway's Taxpayer Identification Number on the bank records attached to its initial Monthly Operating Report. (Main Case Doc. 39).

Skyway was a publicly-traded company as of the date that the petition was filed.

On April 2, 2007, the Official Committee of Unsecured Creditors in the Chapter 11 case filed a Second Amended Plan of Reorganization (the Plan). (Main Case Doc. 420).

On May 23, 2007, the Court entered an Order Confirming the Plan. (Main Case Doc. 494). The Plan, as confirmed, provid-

ed for Skyway's continued corporate existence after the effective date of the Plan. The Debtor, for example, is defined in the Plan as "Skyway Communications Holding Corp., a Florida corporation," and the term "Reorganized Debtor" is defined as "the Debtor on and after the Effective Date as reorganized pursuant to the Plan." (Main Case Doc. 420, § 2.1).

Additionally, Article 8 of the Plan, entitled "Means of Implementation," provides for "the continued existence of the Debtor as the Reorganized Debtor." (Main Case Doc. 420, § 8.1). Finally, § 8.2 of the Plan, entitled "Continued Corporate Existence," provides that the "Reorganized Debtor will continue to exist after the Effective Date as a separate, non-public corporate entity, with all of the powers of a corporation under Florida law and pursuant to its Articles of Incorporation and Bylaws or other organizational documents as amended by the Purchaser on or as soon as practicable after the Effective Date." (Main Case Doc. 420, § 8.2).

## 2. World Capita Communications, Inc.

A separate entity known as World Capita, Inc. purchased all of the stock of Skyway pursuant to the confirmed Plan. (Main Case Doc. 420, §§ 2.1, 8.1). As a result of the purchase, World Capita, Inc. became the owner of 100% of the stock of Skyway, and Skyway continued to exist post-confirmation as a non-public corporation. (Main Case Doc. 420, §§ 8.1–8.6).

In June of 2007, approximately two weeks after the entry of the Order confirming the Plan, Skyway's name was changed to World Capita Communications, Inc. (Doc. 32, p. 6; Adv. Pro. 07–241, Doc. 19, p. 2).

On June 5, 2007, Waleed Talib, as President, signed Amended and Restated Articles of Incorporation for World Cap-

ita Communications, Inc. The prefatory paragraph to the Amended and Restated Articles of Incorporation states that the "Corporation is named World Capita Communications, Inc. f/k/a Skyway Communications Holding Corp., and was originally incorporated in the State of Florida on December 17, 1998." · (Doc. 44).

The Employer's Tax Identification Number for World Capita Communications, Inc. is 650881662. (Doc. 44). The number corresponds to the Tax Identification Number listed on Skyway's Chapter 11 petition and bank records filed with its Monthly Operating Report. (Main Case Doc. 1).

## 3. Island Capital Management, LLC

Island Capital Management, LLC (the Defendant) is a Florida limited liability company, (Doc. 35, ¶ 3).

On May 24, 2004, the Defendant entered into a Transfer Agent Agreement with Skyway Communications Holding Corp. (Doc. 35, ¶ 3). According to the Agreement, the Defendant was "a transfer agent in the business of maintaining stock ownership and transfer records for companies whose stock is traded on a public exchange." (Doc. 1, Exhibit A). Pursuant to the Transfer Agent Agreement, the Defendant served as securities transfer agent for Skyway after May 24, 2004. (Doc. 35, ¶¶ 3, 26).

## B. The litigation

### 1. The District Court securities action

On December 14, 2004, a Verified Complaint for Violations of Federal and State Securities Laws was filed in the United States District Court for the Eastern District of Arkansas. (Doc. 39). The District Court action was styled *Nazar F. Talib, individually, on behalf of certain share-*

*holders of Skyway Communications Holding Corp. and derivatively on behalf of all shareholders of Skyway Communications Holding Corp. v. Skyway Communications Holding Corp., a Florida corporation, and Brent Kovar and James Kent, individually and as officers and directors of Skyway Communications Holding Corp.,* Civil Action No. 3:04CV00405WRW. The action apparently was transferred to the District Court for the Middle District of Florida.

The District Court action arose from the plaintiffs' purchase of securities from Skyway. Generally, the plaintiffs alleged that they purchased the securities based on false and misleading information provided by Skyway and its principals, in violation of federal and state securities laws.

According to the plaintiffs, Skyway had "touted" itself to the public as a company that would provide Homeland Security services to the airline industry through broadband wireless applications of its licensed technology. (¶ 9). Specifically, the plaintiffs alleged that Skyway and its principals conveyed to the plaintiffs and "to the public—through SEC filings, and press releases—the understanding that SkyWay already owned and had created the appropriate technology to transmit Internet access and video and data on a wireless basis to commercial airline carriers." (¶ 9). The plaintiffs further alleged that Skyway issued a press release in which it represented that it had a contract with Southeast Airlines, Inc. to provide Southeast with an air to ground wireless telecommunications system. (¶ 10).

The plaintiffs further alleged, however, that Skyway did not possess the technological capability that it represented, and that Skyway never had an effective contract with Southeast Airlines, Inc. (¶¶ 9, 10, 11).

Finally, the plaintiffs alleged that they invested "heavily" in Skyway in reliance on the misrepresentations. (¶¶ 12, 26, 32).

The Complaint contained eight counts: (1) Violation of Section 12(a)(1) of the Securities Act of 1933; (2) Violation of Section 12(a)(2) of the Securities Act of 1933; (3) Violation of the Arkansas Securities Act; (4) An action for injunctive and equitable relief; (5) Breach of fiduciary duty by the principals; (6) Fraud in the inducement; (7) Breach of contract, and (8) Negligent, reckless and intentional misrepresentation.

### 2. The fraudulent transfer action

On June 14, 2007, the adversary proceeding at issue was filed in this Court. The proceeding is styled *World Capita Communications, Inc., f/k/a Skyway Communications Holding Corp. v. Island Capital Management, LLC, a Florida limited liability company d/b/a Island Stock Transfer,* Adv. No. 07–240. The Complaint is based on § 544 and § 550 of the Bankruptcy Code.

In the Complaint, the Plaintiff alleges that Skyway, through press releases and other representations, described itself to the public as a company that would provide Homeland Security services to the airline industry through broadband wireless applications of its licensed wireless communications technology. (¶¶ 19, 22). The Plaintiff further alleges that Skyway represented that it would receive financial support from Southeast Airlines, Inc., among other corporations and contractors, for the development of its system. (¶ 23). Finally, the Plaintiff alleges that Skyway never possessed the technology or capability to provide the services that it claimed. (¶ 12).

Consequently, the Plaintiff asserts that Skyway was formed for the purpose of facilitating a "pump and dump" scheme

designed to defraud investors. In other words, according to the Plaintiff, Skyway intended to lure investors into acquiring its stock to inflate the stock prices, so that Skyway's insiders could then sell their own shares at a considerable profit. (¶¶ 12, 18),

Finally, the Plaintiffs allege that Skyway in fact induced multiple investors to furnish large sums of money to the company. (¶ 24).

With respect to Island Capital, the Plaintiff specifically asserts that the Defendant knowingly participated in the "pump and dump" scheme by creating a misleading public perception of Skyway and thereby "causing hundreds of millions of shares of Skyway stock to be issued improperly." (¶¶ 25, 30, 31),

The Complaint contains three Counts: (1) an action to recover fraudulent transfers under § 726.105 of the Florida Statutes; (2) an action to recover fraudulent transfers under § 726.106 of the Florida Statutes; and (3) an action for unjust enrichment.

## Discussion

As set forth above, the Plaintiff asserts that Silverstein, Cummings, and the law firm of Johnson Pope Bokor Ruppel & Burns LLP (the Firm) should be disqualified from representing the Defendant because the Firm formerly represented Skyway. According to the Plaintiff, the interests of the Defendant are materially adverse to the interests of the Firm's former client, in violation of Rule 4–1.9 of the Florida Rules of Professional Conduct.

Rule 4–1.9 of the Florida Rules of Professional Conduct provides:

### Rule 4–1.9. Conflict of Interest; Former Client

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or

(b) use information relating to the representation to the disadvantage of the former client except as rule 4–1.6 would permit with respect to a client or when the information has become generally known.

R. Regulating Fla. Bar 4–1.9. The rule is designed to protect client confidentiality. *Estright v. Bay Point Improvement Association, Inc.*, 921 So.2d 810, 811 (Fla. 1st DCA 2006). An attorney's duty to protect his client's confidences continues even after that attorney-client relationship ends. R. Regulating Fla. Bar 4–1.6. Consequently, Rule 4–1.9 is intended to prevent an attorney from compromising those confidences by later representing a client with an adverse interest.

■ In order for an attorney to be disqualified under Rule 4–1.9, the moving party must show that "(1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client." *State Farm Mutual Automobile Insurance Company v. K.A.W.*, 575 So.2d 630, 633 (Fla.1991).

### A. Attorney-client relationship

In this case, the Defendant acknowledges that the Firm represented Skyway Communications Holding Corp. from March 7, 2005, through June 8, 2005, in the District Court securities action. (Doc. 42, p. 3; Transcript, p. 34).

It is also clear that the Firm later represented the Defendant, Island Capital Management LLC, in the fraudulent transfer action that is now before the Court. The Firm's representation of the Defendant was effective as of July 15, 2008, when attorneys Silverstein and Cummings joined the Firm as shareholders.

The Plaintiff in the fraudulent transfer action is World Capita Communications, Inc. f/k/a Skyway Communications Holding Corp. For purposes of the Motion to Disqualify, therefore, the threshold issue is whether World Capita Communications, Inc. and Skyway Communications Holding Corp. are the same entity. If they are the same entity, then the Plaintiff in the pending action is a former client of the Firm. Since the Firm's subsequent client is the Defendant in the pending action, the interests of the former client would necessarily be adverse to the interests of the Firm's later client.

■ The Court finds that World Capita Communications, Inc. and Skyway Communications Holding Corp. are the same corporate entity. The Plan of Reorganization that was confirmed in Skyway's Chapter 11 case contemplated the purchase of Skyway's stock by World Capita, Inc., followed by Skyway's continued corporate existence as a non-public company. The confirmed Plan was implemented, Skyway's reissued stock was sold to World Capita, Inc., and Skyway's name was changed to World Capita Communications, Inc. The corporate entity, however, was not interrupted, as evidenced by (1) the Amended and Restated Articles of Incorporation for World Capita Communications, Inc., which refers to the corporation's former name and to Skyway's original incorporation date, and by (2) the corporation's continued use of Skyway's Tax Identification Number following the stock purchase.

In fact, the Defendant has acknowledged in this proceeding that the Plaintiff is the Reorganized Debtor pursuant to the confirmed Plan. The Defendant has conceded, for example, that the Plaintiff "is the reorganized Debtor in the underlying bankruptcy and successor-in-interest to Skyway under the Plan of Reorganization." (Transcript of January 22, 2008, hearing, pp. 6, 49). See also the Defendant's Answer and Affirmative Defenses, in which the Defendant refers to the Plaintiff as Skyway's successor-in-interest. (Doc. 35, pp. 7, 8, 10).

The decision in *Kenn Air Corp. v. Gainesville–Alachua County Regional Airport Authority,* 593 So.2d 1219 (Fla. 1st DCA 1992) is instructive. In that case, an attorney represented an entity known as Charter Leasing Corp. with respect to Charter's lease of certain airport property from the City of Gainesville. *Kenn Air,* 593 So.2d at 1220. Charter subsequently filed a bankruptcy case, and Kenn Air Corp. acquired all of Charter's tangible and intangible assets, including all of its rights and interests related to the lease, from the bankruptcy estate. *Id.* at 1220. Kenn Air later sued the Airport Authority regarding certain issues arising under the airport lease, and the Airport Authority hired Charter's former attorney to represent it in the litigation. *Id.* at 1220–21.

Kenn Air filed a motion to disqualify the attorney pursuant to Rule 4–1.9 of the Rules Regulating the Florida Bar. In the Motion, Kenn Air alleged that an irrebuttable presumption existed that the attorney had received confidences during his representation of Kenn Air's predecessor-in-interest, and that his receipt of the confidences may be prejudicial to Kenn Air in the pending litigation. *Id.* at 1221.

The Court determined that Kenn Air's motion to disqualify the attorney should be granted. *Id.* at 1223. In so holding, the

Court first noted the undisputed fact that the attorney previously represented Charter, with the result that an irrebuttable presumption arose that confidences were disclosed to the attorney during the representation. According to the Court, therefore, the attorney's representation of the adversary of his former client's successor created the appearance that the attorney had switched sides, and should not be permitted. *Id.* at 1223. The attorney was disqualified from representing the adverse party based in part on the appearance of impropriety created by his new representation.

In this case, the Defendant asserts that the Firm is not engaged in an inappropriate representation because of the unique circumstances of the parties. None of the arguments made by the Defendant, however, avoid the conclusion that the Firm's former client is the Plaintiff in an action in which the Firm currently represents the Defendant.

First, the Defendant contends that the Plaintiff in this case is not suffering from any informational disadvantage caused by the Firm's representation. According to the Defendant, the Plaintiff and its counsel are in possession of more information than any other party in this case as a result of their aggressive discovery strategy. (Transcript, pp. 42–44).

As shown above, however, the only two issues that must be resolved under Rule 4–1.9 are whether an attorney-client relationship existed, and whether the current dispute and the prior dispute are substantially related. *In re Weinhold,* 380 B.R. 848, 852 (Bankr.M.D.Fla.2007). "Once the existence of an attorney-client relationship is established, an 'irrefutable presumption' arises that confidences were disclosed during the course of the relationship." *In re Weinhold,* 380 B.R. at 852(citing *State Farm v. K.A.W.,* 575 So.2d at

633). Because of the irrefutable presumption that client confidences were disclosed, the party seeking disqualification is not required to show that it suffers from an unfair informational disadvantage because of the attorney's current representation. Consequently, the existence of the prior attorney-client relationship, with its attendant presumption that client confidences were disclosed, is sufficient to entitle the moving party to the protection of the Rule.

Second, the Defendant contends that the Plaintiff has already sought the Firm's disqualification in a separate state court action, and that the state court has declined to disqualify the Firm. (Transcript, pp. 29–33). The state court action is pending in the Circuit Court for Pinellas County, Florida, and is styled *NUWAVE, LTD., a foreign corporation: CASTLE BRIDGE INVESTORS, LTD., a foreign corporation; TAIBA GROUP, INC., a foreign corporation; Q VEST INC., a foreign corporation; and THERFIELD HOLDINGS, a foreign corporation, v. ISLAND CAPITAL MANAGEMENT, LLC, a Florida limited liability company d/b/a Island Stock Transfer; SPARTAN SECURITIES GROUP, LTD., a Florida limited partnership; and CARL E. DILLEY, an individual,* Case No. 07–5636–CI–08. (Doc. 43).

The issue in the state court action is readily distinguishable from the issue in the case before the Court. The key fact in this case is that the Firm previously represented Skyway Communications Holding Corp., which is the same corporate entity as the Plaintiff in this case. World Capita Communications, Inc. f/k/a Skyway Communications Holding Corp., however, is not a named party in the state court action. Since the Plaintiff in this case is not a plaintiff in the state court case, therefore, the state court was not required to address

the issue of whether the Firm's prior representation of Skyway is materially adverse to its current representation of the Defendant in that action.

■ Third, the Defendant asserts that this Court previously determined in a separate adversary proceeding that Skyway's former officers and directors effectively waived the attorney-client privilege as to all Skyway documents that were in Silverstein's possession. (Transcript, pp. 38–40; Adv. No. 07–241, Doc. 19). Based on the prior determination, the Defendant apparently contends that the former officers also waived Skyway's right to oppose its former attorney's potential use of the privileged information against it.

The Court's holding in that proceeding, of course, is limited to the specific situation before it, which involved the Plaintiff's efforts to obtain documents that were in Silverstein's possession because of his independent representation of the individual officers of Skyway. Silverstein never represented Skyway Communications Holding Corp., and Skyway's separate attorney-client relationship with the Firm was not an issue in the proceeding. Consequently, the Court made no determination regarding whether the officers' waiver of the privilege also constituted Skyway's waiver of any conflict of interest by its former attorney.

■ It does not appear that a client's waiver of his attorney-client privilege is tantamount to a waiver of his attorney's conflict of interest. The purpose of the attorney-client privilege is to "encourage full and frank communications between attorneys and their clients," with a view to promoting the public interest in sound advocacy. *The American Tobacco Company v. State of Florida,* 697 So.2d 1249, 1252 (Fla. 4th DCA 1997). The purpose of the rule prohibiting attorneys from representing interests adverse to their former

clients, however, is to preserve the lawyer's duty of loyalty and to avoid the misuse of confidential information. *Brent v. Smathers,* 529 So.2d 1267, 1269 (Fla. 3d DCA 1988). Generally, an attorney's duty of loyalty to a former client may be broader than the attorney-client privilege, so that the attorney may not oppose his former client on a related matter, even if he only uses information that comes from a source other than his former client. See *People v. Liuzzo,* 167 A.D.2d 963, 562 N.Y.S.2d 303, 304 (1990). Since the two doctrines serve different purposes and are not co-extant, it cannot be inferred that a client waives his attorney's conflict of interest solely because he had waived his attorney-client privilege.

Finally, the Defendant contends that the Firm has not violated Rule 4–1.9 by "switching sides" in this dispute. Specifically, the Defendant asserts that the parties' alignment in this dispute has always involved Skyway's foreign investors on the one hand, and the perpetrators of the alleged "pump and dump" scheme on the other hand. The Defendant claims that Silverstein and the Firm have consistently opposed the foreign investors in the investors' efforts to recover damages based on the allegedly fraudulent scheme, and that the question of "switching sides" only arose because of the investors' purchase of Skyway's stock under the Plan. (Transcript, pp. 50–51; Doc. 42, p. 13).

Despite the Defendant's contention that the Firm has maintained a consistent position throughout this litigation, the record indicates that Skyway Communications Holding Corp. was a corporation formed and recognized under Florida law, and that World Capita Communications, Inc. is the same corporation as Skyway following confirmation of the Chapter 11 Plan and the ensuing name change.

■ The Firm previously represented the corporation in the District Court securities litigation, and now represents the Defendant in its efforts to defeat the corporation's claims against it. Clearly, the corporation's ownership changed as a result of the stock purchase authorized by the confirmation order. Skyway's corporate form cannot be disregarded, however, solely because its stockholders have changed. "In fact, a foundation of corporate law is that, unlike a partnership or a sole proprietorship, the existence of a corporate entity is not affected by changes in its ownership or changes in management." *Corporate Express Office Products, Inc. v. Phillips,* 847 So.2d 406, 411 (Fla.2003)(citing *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001)). Consequently, the Firm is representing an interest that is adverse to its former corporate client, even though its former client is now under new ownership.

## B. Substantially related

In order for an attorney to be disqualified under Rule 4–1.9, the moving party must show that the matter in which the attorney represented the former client is substantially related to the matter in which he represents the adverse interest. *State Farm,* 575 So.2d at 633.

■ The comment to Rule 4–1.9 states that matters are "substantially related" if they "involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." To be "substantially related," the matters "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *McPartland v. ISI Investment Services, Inc.,* 890 F.Supp. 1029, 1031 (M.D.Fla. 1995). The question of "whether the two matters are substantially related depends upon the specific facts of each particular situation or transaction." *Weinhold,* 380 B.R. at 853(quoting *The Florida Bar v. Dunagan,* 731 So.2d 1237, 1240 (Fla.1999)).

■ In this case, the Court finds that the current fraudulent transfer action is substantially related to the prior District Court securities action.

Both actions are predicated on the theory that Skyway and its principals engaged in a fraudulent scheme by misrepresenting to the public and to potential investors that Skyway would provide certain wireless communications technology to the airline industry, even though it never possessed the technological capability to provide the services that it represented. Both actions are based on the same misrepresentations, and both actions allege that the misrepresentations were intended to lead to the sale of Skyway's stock to new investors. Since the Plaintiff in the fraudulent transfer action alleges that Island Capital participated in the fraudulent scheme, the evidence in this case likely overlaps the evidence that would have been presented in the District Court securities action.

Under these circumstances, the Court finds that the two actions involve the same underlying facts or allegedly fraudulent scheme, and that a reasonable person would understand that the important issues in both cases are related. The District Court securities action and the fraudulent transfer action are "substantially related" within the meaning of Rule 4–1.9 of the Florida Rules of Professional Conduct.

### Conclusion

In the Motion presently before the Court, the Plaintiff asserts that Silverstein, Cummings, and the law firm of Johnson Pope Bokor Ruppel & Burns LLP (the Firm) should be disqualified from rep-

resenting the Defendant, Island Capital Management, LLC, because the Firm formerly represented Skyway Communications Holding Corporation in a District Court securities action.

The Court finds that the Firm is disqualified from representing the Defendant in this case because an attorney-client relationship existed between the Firm and Skyway in the prior securities action, which created an irrefutable presumption that confidences were disclosed to the Firm during the relationship. Skyway and World Capita Communications, Inc., the Plaintiff in this fraudulent transfer action, are the same corporate entity. Consequently, the Firm's representation of the Defendant in this case was materially adverse to the interests of its former client. Additionally, the fraudulent transfer action that is currently before the Court is substantially related to the prior securities action.

Since the Firm is disqualified from representing the Defendant in this case, Silverstein and Cummings are also disqualified from representing the Defendant in this case, in accordance with their position that the disqualifying conflict was not cured by their departure from the Firm.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Disqualify Defendant's Counsel filed by the Plaintiff, World Capita Communications, Inc., is granted.

2. Murray B. Silverstein, Brian R. Cummings, Murray B. Silverstein, P.A., and the law firm of Johnson Pope Bokor Ruppel & Burns LLP are disqualified from representing the Defendant, Island Capital Management LLC, in this adversary proceeding.